IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-1612-WDM-PAC

UMG RECORDINGS, INC., et al.,

     Plaintiffs,

v.

EDWARD MARKOWITZ,

     Defendant.

_____

**ORDER AND PERMANENT INJUNCTION BASED ON STIPULATION**
_____

Miller, J.

     Having considered the Stipulation to Judgment and Permanent Injunction

(Stipulation) executed by the parties, I find, conclude and order as follows:

     1.  Plaintiffs have alleged that Defendant distributed, including by transmitting

data to other computers over some type of connection (i.e, uploading),[1] and/or

reproduced, including by copying data transferred from other computers over some

type of connection (i.e., downloading),[2] via the Internet or an online media distribution

system, copyrighted sound recordings owned or controlled by the Plaintiffs, without

_____

     [1]*See* Webopedia, *at* http://www.webopedia.com/TERM/u/upload.html (accessed
Oct. 18, 2005); *Network Commerce Inc. v. Microsoft Corp*, 260 F.Supp.2d 1034, 1039
(W.D.Wash. 2003).

     [2]*See* Webopedia, *at* http://www.webopedia.com/TERM/d/download.html
(accessed Oct. 18, 2005); *Network Commerce Inc.,* 260 F.Supp.2d at 1039.

Plaintiffs' authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested Plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

2.  Defendant shall pay to Plaintiffs in settlement of this action the sum of $4,213.00.

3.  Defendant shall also pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $287.00.

4.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is now owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)("Plaintiffs' Recordings"), including without limitation by:

a.   using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e*, upload), any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

b.   causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (*i.e.* download) any of Plaintiffs' Recordings, to distribute (*i.e.* upload) any of Plaintiffs' Recordings, or to make any of

2

Plaintiffs' Recordings available for distribution to the public, except

pursuant to a lawful license or with the express authority of Plaintiffs.

5.  Defendant also shall destroy all copies of: (i) Plaintiffs' Recordings that

Defendant, and/or any third party that has used the Internet connection and/or

computer equipment owned or controlled by Defendant, has downloaded without

Plaintiffs' authorization onto any computer hard drive or server owned or controlled by

Defendant, and (ii) those downloaded recordings transferred onto any physical medium

or device in Defendant's possession, custody, or control.

6.  The Clerk shall enter judgment in favor of Plaintiffs and against Defendant in

accordance with the terms of this order.

7.  The Court retains jurisdiction for purposes of enforcing the parties'

stipulation.[3]

DATED at Denver, Colorado, on October 18, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge


---

[3]This Order does not alter the terms of the parties' stipulation.